IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF BOSTON UNIVERSITY,

    *Plaintiff,*

vs.                                          Civil Action No. _____

VYRIAN, INC.

    *Defendant.*

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Trustees of Boston University, by and through its undersigned attorneys, hereby pleads the following claims of patent infringement against Defendant Vyrian, Incorporated and alleges as follows:

## PARTIES

1. Plaintiff Trustees of Boston University ("BU" or the "University") is a non-profit educational institution with its principal place of business at One Silber Way, Boston, Massachusetts 02215.

2. The University is one of the largest private universities in the United States, and one of the largest employers in Boston, with more than 10,000 faculty and staff and over 33,000 students. It conducts a diverse range of interdisciplinary, collaborative and innovative research projects across a broad spectrum of academic departments, programs, centers and institutes, including research in the field of electrical and computer engineering. BU faculty members have won five Nobel Prizes and BU has been awarded hundreds of United States Patents, including U.S. Patent No. 5,686,738 (the "'738 patent").

3. Upon information and belief, Defendant Vyrian, Inc. ("Defendant") is a company organized under the laws of Texas with its principal place of business at 10101 Southwest Freeway, Suite 400, Houston, Texas 77074.

1

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code. This Court has subject matter jurisdiction over the matters pled herein under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

5. Defendant regularly and deliberately engaged in and/or continues to engage in activities that result in using, selling, offering for sale, and/or importing infringing products and products made by infringing processes in and/or into the Commonwealth of Massachusetts and this judicial district. These activities violate the University's United States patent rights under the '738 patent as pled herein. This Court has personal jurisdiction over the Defendant because, among other things, Defendant conducts business in the Commonwealth of Massachusetts and in this judicial district, and thus enjoys the privileges and protections of Massachusetts law.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,686,738

7. The '738 patent, titled "Highly Insulating Monocrystalline Gallium Nitride Thin Films," issued on November 11, 1997. A true and correct copy of the '738 patent is attached hereto as Exhibit A.

8. Theodore D. Moustakas, Ph.D., Professor of Electrical and Computer Engineering at BU, is the named inventor of the '738 patent. The University owns, by assignment, the entire right, title, and interest in and to the '738 patent, including the sole right to sue for past and present patent infringements thereof.

9. Several of Defendant's products, including the LED products bearing part numbers SPHWWTHDD805WHT0GD, SPHWHTHAD603S0R0MZ and/or

SPMWHT221MD5WAP0S0, include a gallium nitride thin film semiconductor device claimed by the '738 patent and thus infringe one or more claims of the '738 patent. The University is informed and believes, and further alleges, that additional products used, sold, offered for sale, and/or imported by Defendant also constitute and/or include the claimed gallium nitride thin film semiconductor device and also infringe one or more claims of the '738 patent including, but not limited to, light emitting diodes ("LEDs") (products included in this paragraph are collectively referred to as "Accused Products").

10.    The University is informed and believes, and thereon alleges, that the applicable requirements of 35 U.S.C. § 287 have been satisfied.

11.    The University is informed and believes, and thereon alleges, that Defendant has infringed, and continues to infringe, one or more claims of the '738 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering to sell, selling, and/or importing in and/or into the United States, without authority or license from the University, the Accused Products falling within the scope of one or more claims of the '738 patent.

12.    Defendant's acts of infringement have caused and will continue to cause substantial and irreparable damage to the University.

13.    As a result of the infringement of the '738 patent by Defendant, the University has been damaged. The University is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

14.    TAKE NOTICE that the University reserves the right to further allege indirect infringement, contributory infringement, inducing infringement, and/or willful infringement, and amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

## PRAYER FOR RELIEF

WHEREFORE, the University prays for entry of judgment against Defendant as follows:

A. That Defendant infringed the '738 patent under 35 U.S.C. § 271(a);

B. That Defendant provide to the University an accounting of all gains, profits and advantages derived by Defendant's infringement of the '738 patent, and that the University be awarded damages adequate to compensate them for the wrongful infringement by Defendant, in accordance with 35 U.S.C. § 284;

C. That this is an exceptional case and that the University be awarded any other supplemental damages and interest on all damages, including, but not limited to attorney fees available under 35 U.S.C. § 285.

D. That the Court preliminarily and thereafter permanently enjoin Defendant and all those in privity with it from importing, making, having made, selling, offering for sale, distributing, and/or using products that infringe the '738 patent, including the Accused Products, in the United States; and

E. That the University be awarded such other and further relief as this Court may deem just and proper including, but not limited to, equitable relief and all remedies available at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the University hereby demands a trial by jury on all issues triable to a jury.

| | |
|---|---|
| Dated:  August 15, 2013 | Respectfully submitted,<br><br>TRUSTEES OF BOSTON UNIVERSITY<br><br>By its attorneys,<br><br>/s/ *Erik Paul Belt*<br>Erik Paul Belt (BBO # 558620)<br>ebelt@mccarter.com<br>Kelly A. Gabos (BBO # 666219)<br>kgabos@mccarter.com<br>McCarter & English, LLP<br>265 Franklin Street<br>Boston, Massachusetts 02210<br>Telephone: (617) 449-6506<br>Facsimile:  (617) 607-6035<br><br>*Of Counsel*<br><br>Michael W. Shore (Texas 18294915)<br>Alfonso Garcia Chan (Texas 24012408)<br>Eve Henson (Texas 00791462)<br>Andrew M. Howard (Texas 24059973)<br>SHORE CHAN DEPUMPO LLP<br>901 Main Street, Suite 3300<br>Dallas, Texas 75202<br>Telephone: (214) 593-9110<br>Facsimile: (214) 593-9111 |