UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
TRUSTEES OF BOSTON UNIVERSITY,              )
                                            )
        Plaintiff,                          )
                                            )
             v.                             )     Civil Action No. 13-11963-PBS
                                            )
VYRIAN, INC.,                               )
                                            )
        Defendant.                          )
_____)

REPORT AND RECOMMENDATION ON SECOND ASSENTED-TO MOTION
FOR ENTRY OF PERMANENT INJUNCTION AND FINAL JUDGMENT
[Docket No. 49]

December 9, 2013

Boal, M.J.

Plaintiff Trustees of Boston University ("BU"), with the assent of defendant Vyrian, Inc. ("Vyrian"), moved for an order entering a permanent injunction and final judgment in this case. Docket No. 10. On October 29, 2013, this Court recommended that the District Court deny BU's motion for entry of permanent injunction and final judgment without prejudice to BU filing a proposed judgment consistent with the Court's opinion. Docket No. 38. The District Court adopted this Court's report and recommendation. Docket No. 50. BU now moves for entry of a final judgment in this case, which it maintains is consistent with the Court's opinion. Docket No. 49.[1] Samsung Electronics Co. Ltd. ("Samsung") has filed a limited opposition. Docket No. 56. For the following reasons, this Court recommends that the District Court grant BU's

___

[1] On September 9, 2013, the District Court referred this case to the undersigned for full pretrial case management, including dispositive motions. Docket No. 15.

-1-

motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This is one of many related patent infringement actions involving light emitting diodes ("LEDs") and the technology behind them.  BU is an educational institution that owns by assignment a patent claiming LEDs and related technology.  BU has sued Vyrian and other defendants alleging infringement of U.S. Patent No. 5,686,738 (the "'738 patent").

BU filed a complaint for patent infringement against Samsung on March 21, 2013.  See Trustees of Boston University v. Samsung Electronics Co., Ltd., No. 13-cv-10659-PBS (the "Samsung Case").  On May 3, 2013, BU filed a separate suit against a number of alleged distributors of electronic components, including Vyrian, alleging infringement of the '738 patent based on their use, sale, offer for sale, or importation of Samsung LED products.  See Trustees of Boston University v. Arrow Electronics, Inc., et al., No. 13-cv-11105-PBS (the "Distributors Case").  In both cases, BU alleges that certain of Samsung's LED products (the "Samsung Accused Products") infringe the '738 Patent.  See Samsung Case, Docket No. 1 at ¶ 13; Distributors Case, Docket No. 1 at ¶ 16.

BU and Vyrian entered into a stipulation regarding BU's claims against Vyrian.  BU then filed the stipulation along with a proposed judgment that asked the Court to "confirm[] BU's and . . . Vyrian's stipulations as to" certain issues.  Distributors Case at Docket No. 26.

Other defendants in the Distributors Case objected to entry of the proposed permanent injunction and final judgment.  Distributors Case at Docket No. 36.  Although those defendants did not object to dismissal of Vyrian, they objected to certain statements in the proposed judgment regarding purported infringement, validity, and enforceability of the '738 Patent that

-2-

BU asked the Court to confirm.  Id. at ¶ 7.

On July 3, 2013, BU filed an amended complaint in the Distributors Case that voluntarily dismissed Vyrian from the case.  Distributors Case at Docket No. 57.  On July 19, 2013, the District Court held a status conference.  Distributors Case at Docket No. 75.  The District Court (Saylor, J.)[2] found that BU's voluntary dismissal of Vyrian rendered the issue of the proposed judgment moot and denied BU's motion for entry of a permanent injunction and final judgment against Vyrian.  Id.  During the status conference, BU represented to the Court that it had filed a new action against Vyrian and that it would immediately file a motion for entry of a permanent injunction and final judgment against Vyrian in the new action.  See Docket No. 13-5 at 6.

BU filed the instant case against Vyrian on August 15, 2013.  Docket No. 1.  On August 28, 2013, BU filed its motion seeking entry of a permanent injunction and final judgment against Vyrian.  Docket No. 10.  That motion appeared to be identical to the motion filed in the Distributors Case.  Id.  Samsung filed a motion to intervene, or in the alternative, to participate as amicus curiae for the limited purpose of opposing BU's motion.  Docket No. 12.

On October 29, 2013, this Court recommended that the District Court deny BU's motion for entry of a permanent injunction and final judgment against Vyrian without prejudice to BU refiling a proposed judgment consistent with this Court's opinion.[3]  Docket No. 38.  By its

---

[2] The Distributors Case was originally assigned to Judge Saylor.  On July 23, 2013, Judge Saylor entered an order of recusal.  Docket No. 78.  The Distributors Case was reassigned to Chief Judge Saris on July 24, 2013.  Docket No. 79.

[3] Prior to the Court's ruling, on October 21, 2013, Vyrian filed an answer in which it admitted the following: (1) Vyrian engaged in offers for sale of products in and/or into the Commonwealth of Massachusetts and those activities violated BU's patent rights under the '738 Patent (Docket No. 36 at ¶ 5); (2) Vyrian offered for sale certain of the Samsung Accused Products (id. at ¶ 9); (3)  the applicable requirements of 35 U.S.C. § 287 have been satisfied (id.

motion, BU sought a permanent injunction enjoining Vyrian from "offering for sale, selling [sic] making, using, and importing, in or into the United States, any products covered by the ['738 Patent] including, but not limited, to [the Samsung Accused Products]."  Docket No. 10-2 at 4.  BU's proposed judgment asked the Court to confirm certain stipulations between it and Vyrian, including that "[t]he '738 Patent is valid, enforceable, and infringed by at least [the Samsung Accused Products];" that "Vyrian's acts of offering for sale products covered by the '738 patent including, but not limited to, the Samsung Accused Products constitute infringement of the '738 Patent."  Id. at 3.  This Court found that BU's proposed judgment was troubling because it asked the District Court to "confirm" certain stipulations between the parties as to issues that have not been litigated and are hotly contested in other related proceedings.  Docket No. 38 at 12.

In its opinion, this Court noted that BU had entered into a similar stipulation and final judgment against another defendant in the Distributors Case.  See Trustees of Boston University v. Sierra IC, Inc., No. 13-11965-PBS at Docket No. 12.[4]  In that judgment, the parties requested that the Court "confirm" the parties' stipulations.  However, such stipulations were drafted so as to make clear that the parties agreed to certain facts and legal conclusions, without the District

---

at ¶ 10); (4) Vyrian infringed the '738 Patent by offering for sale products that infringed the '738 Patent (id. at ¶ 11); (5) irreparable harm to BU has occurred, and Vyrian has agreed to cease and desist from offering for sale the infringing products (id. at ¶ 12); and (6) Vyrian requests a permanent injunction and that no damages be awarded because Vyrian has not made any sales of the products that infringe upon the '738 Patent (id. at ¶¶ 12-13).  Vyrian requested that judgment be entered as requested by BU's motion, with damages in the amount of zero dollars.  Docket No. 36 at 2.

[4] Like Vyrian, Sierra was originally a defendant in the Distributors Case.  BU voluntarily dismissed Sierra from that action when it filed the Amended Complaint, and later refiled a separate case against Sierra, where it filed a motion for entry of a permanent injunction and final judgment against Sierra.  The District Court granted the motion on September 2, 2013.  See Trustees of Boston University v. Sierra IC, Inc., No. 13-11965 at Docket No. 12.

Court actually making any findings.  Docket No. 38 at 13.  The Court noted that BU and Vyrian could accomplish their settlement through a stipulation and final judgment that mirrored the one with Sierra.  Id.  The District Court adopted this Court's recommendation on November 20, 2013.  Docket No. 50.

On November 18, 2013, BU filed a second assented-to motion for a permanent injunction and entry of final judgment against Sierra.  Docket No. 49.  The proposed judgment is almost identical to the judgment entered in the Sierra case.  Samsung filed a limited opposition on November 22, 2013.  Docket No. 56.  BU filed a reply on November 26, 2013.  Docket No. 58.

II.   ANALYSIS

Samsung does not object to the substance of BU's proposed final judgment, but has one objection to its form:  "The preamble cites, and suggests that the Order is based on, the stipulation that [BU] filed at Docket No. 10-1," which contains stipulations regarding infringement, validity, and enforceability of the '738 Patent.  Docket No. 56 at 1.

As the Court noted in its October 29, 2013 opinion, the parties are free to agree to resolve any contested issues as between themselves and their stipulations are not binding on anyone other than BU and Vyrian.  See Docket No. 38 at 12.  The problem with the prior proposed judgment was that the Court was asked to make certain findings regarding infringement, validity, and enforceability of the '738 Patent, which have now been removed.

Here, the proposed judgment does not confirm the parties' stipulation at Docket No. 10-1.  Indeed, BU affirmatively states, "[n]othing in the present final judgment and permanent injunction asks the Court to confirm anything regarding the stipulation filed at Docket No. 10-1."  Docket No. 58 at 2.  Instead, the proposed judgment only confirms that BU makes certain

allegations and that the parties agree as to certain issues as between themselves.  See Docket No. 49-1 at 3-4.  Based on this reading, the Court understands that the currently proposed permanent injunction and final judgment will have no effect on anyone other than BU and Vyrian.  With that understanding, the Court recommends that the District Court grant BU's motion.

III.     RECOMMENDATION

For the reasons stated herein, this Court recommends that the District Judge assigned to this case grant BU's assented-to motion for entry of a permanent injunction and final judgment. Docket No. 49.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge